IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES GREGORY MORRIS,           §
                                §
              Petitioner,        §
                                §          No. 3:09-cr-101-D
V.                              §          No. 3:12-cv-5226-D-BN
                                §
UNITED STATES OF AMERICA,       §
                                §
              Respondent.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Gregory Morris has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's motion should be denied.

### Background

On April 8, 2009, Petitioner was indicted on two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He made his initial appearance on October 1, 2009, and Assistant Federal Public Defender Douglas Morris was appointed to represent him. *See* Dkt. Nos. 4, 6, & 9. On February 9, 2010, the Court permitted Morris to withdraw as counsel and appointed Bruce Anton to represent Petitioner. *See* Dkt. Nos. 29, 31, & 33. After the Court granted four continuances of the trial date at the request of defense counsel Morris and Anton, *see* Dkt. Nos. 17, 21, 36, & 40, Petitioner filed a motion to proceed *pro se*, *see* Dkt. No. 76.

The Court issued a pretrial order stating that it would consider Petitioner's motion at the pretrial conference but that trial would commence on July 6, 2010 regardless of whether or not Petitioner was permitted to represent himself. *See* Dkt. No. 77. In that order, the Court instructed Anton that he must

> advise Morris that, if the court grants the motion to proceed *pro se*, this will not be grounds to continue the pretrial conference scheduled for Friday, July 2, 2010 at 2:00 p.m. or the trial scheduled for Tuesday, July 6, 2010, and that, if the motion is granted, Morris must be prepared to proceed *pro se* at the July 2, 2010 pretrial conference and at the trial that begins on July 6, 2010.

*Id.* at 1.

During the pretrial hearing, Petitioner urged his motion to proceed *pro se*. He was placed under oath and was fully admonished of the rights that he was waiving by representing himself and the responsibilities of proceeding *pro se* at trial. *See* Dkt. No. 201. In addition, the following colloquy regarding a continuance took place:

> THE COURT:  In light of the penalties that you – that you may suffer if you are found guilty, and in the light of the difficulties of representing yourself, do you still desire to represent yourself and give up your right to be represented by a lawyer?
>
> THE DEFENDANT:  I do, Your Honor. But I would prefer a continuance, if possible.
>
> THE COURT:  Well, I'm not going to continue the case whether you're represented by a lawyer or go *pro se*.
>
> THE DEFENDANT:  That's fine. Then I'm going to go *pro se*.
>
> THE COURT:  Okay. And is your decision entirely voluntary and not the result of coercion, mistreatment, force, threats, or intimidation of any kind?
>
> THE DEFENDANT:  It's my own decision.

-2-

THE COURT:  Okay. And it's completely voluntarily?

THE DEFENDANT:  Yes, it is.

*Id.* at 18-19. The Court found that Petitioner's waiver of his right to counsel and trial by jury were knowingly, intelligently, and voluntarily made and granted Petitioner's motions. *See id.* at 19, 23.

The bench trial occurred on July 6, 2010, and Petitioner was found guilty by the Court of all three counts of indictment. *See United States v. Morris*, No. 3:09-cr-101-D, 2010 WL 2900323 (N.D. Tex. July 19, 2010). The Court departed from the applicable Sentencing Guidelines and sentenced Petitioner to 262 months imprisonment.

Petitioner's conviction was affirmed on direct appeal. *See United States v. Morris*, 443 F. App'x 889 (2011). Petitioner then filed this timely motion to vacate, set aside, or correct sentence, claiming that the Government failed to prove that the contraband images traveled in interstate commerce, the Court misapplied the United States Sentencing Guidelines ("Sentencing Guidelines" or "USSG"), and he received ineffective assistance of counsel prior to trial and on appeal. *See* Dkt. Nos. 2 & 3.

## Legal standards

Post-conviction relief under Section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude that could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *See United States v. Perez,* 952 F.2d 908, 909 (5th Cir. 1992). In order to raise an issue for the first time on collateral review, a petitioner must show "cause" for his procedural default and

-3-

"actual prejudice" resulting from the error. *See United States v. Frady,* 456 U.S. 152, 167-68 (1982). The only recognized exception to this rule is in an "extraordinary case" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier,* 477 U.S. 478, 496 (1986). Claims raised and resolved in a prior appeal may not be revisited on collateral review. *See United States v. Kalish,* 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones,* 614 F.2d 80, 82 (5th Cir. 1980)).

A district court's calculation under or application of the Sentencing Guidelines is not the type of error cognizable under Section 2255. *See United States v. Walker,* 68 F.3d 931, 934 (5th Cir. 1995). But a Section 2255 motion is the proper procedural vehicle for raising a claim of ineffective assistance of counsel. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992). The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan,* 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *See id.* at 687. Second, he must establish that he was prejudiced by his attorney's substandard performance. *See id.* at 691-92. There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v. Lynaugh,* 884 F.2d 871, 876 (5th Cir. 1989).

-4-

In order to prove ineffective assistance of appellate counsel, a defendant must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *See United States v. Phillips,* 210 F.3d 345, 348 (5th Cir. 2000). This reasonableness standard requires counsel "'to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.'" *Id.* (quoting *United States v. Williamson,* 183 F.3d 458, 462 (5th Cir. 1999)). "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh,* 873 F.2d 830, 840 (5th Cir. 1989); *see also Jones v. Barnes,* 463 U.S. 745, 751 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell,* 343 F.3d 440, 445 (5th Cir. 2003); *Williamson,* 183 F.3d at 463.

## Analysis

### Jurisdiction and Sentencing Guidelines Claims

Petitioner urges that the Government must prove that "the Internet transmission also moved across state lines" in order to establish jurisdiction. Dkt. No. 2 at 10; Dkt. No. 3 at 6-8. However, this claim was considered and rejected on direct appeal. *See Morris*, 443 F. App'x at 890. Petitioner cannot re-litigate the issue in a Section 2255 motion. *See Kalish,* 780 F.2d at 508.

The sentencing issue raised by Petitioner – that the Court allegedly erred by adding a 10-level enhancement under USSG § 2G2.2(b)(7)(D) – is not the type of error that may be raised on collateral review. "A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error

cognizable under section 2255." *Walker*, 68 F.3d at 934.

Even if Petitioner could establish cause for his failure to raise this issue on direct review, his underlying claim is without merit. The Court did not apply a 10-level increase under the Guidelines. Instead, the Court properly calculated the Guideline sentence using the 5-level enhancement that applies if a defendant possesses more than 600 images involving the sexual exploitation of a minor. *See United States v. Morris*, No. 3:09-cr-101-D, Dkt. No. 203 at 52-53. The Court then thoroughly considered the sentencing factors set forth by 18 U.S.C. § 3553(a). *See id.* at 53-56. Because the number of child pornography images possessed by Petitioner exceeds 10,000 – and due to the sadistic nature of the images and Petitioner's repeated refusal to accept responsibility for his criminal conduct – the Court applied a four-level upward departure. *See id.* An upward departure is contemplated by the Sentencing Guidelines in cases where "the number of images substantially underrepresents the number of minors depicted." USSG § 2G2.2, app. n.4(B)(i).[1]

In a supplemental pleading, Petitioner asserts that the Court's upward departure constitutes a violation of his Sixth Amendment rights because the number of images possessed was a sentencing factor not determined by the factfinder beyond a reasonable doubt. *See* Dkt. No. 10 at 1-2 (citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013)). However, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny,

---

[1] The Court did not, as Petitioner alleges, apply an "arbitrary standard" to determine his sentence, *see* Dkt. No. 10 at 2 (citing *United States v. Washington*, 714 F.3d 962 (6th Cir. 2013)), but instead calculated the applicable guideline range and carefully applied the sentencing factors set forth in 18 U.S.C. § 3553(a).

including *Alleyne*, establish only that a jury must decide any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum." *Id.* at 490. Petitioner's sentence did not exceed the statutory maximum for his possession of child pornography or receipt of child pornography convictions. Nor did any of the Court's findings increase the mandatory minimum applied to these offenses.

Because Petitioner's sentencing claim is without merit and is not cognizable on collateral review, it should be denied.

Alleged Ineffective Assistance of Counsel Prior to Trial

Petitioner faults Anton for allegedly advising him that the only way to achieve a continuance of the trial date was to file motions to proceed *pro se* and for a bench trial. *See* Dkt. No. 2 at 8; Dkt. No. 3 at 2. As a result, he claims that his decision to proceed without counsel and forego a jury trial was unknowing and involuntary. *See id.* However, Petitioner has failed to establish that this alleged conduct was either deficient or prejudicial under *Strickland*.

The Court conducted a thorough colloquy with Petitioner to determine whether the waivers were knowingly and voluntarily made. *See United States v. Morris*, No. 3:09-cr-101-D, Dkt. No. 201. At that time, the Court made explicit that the trial would take place on July 6, 2010 whether or not Petitioner proceeded *pro se*. *See id.* at 18-19. Petitioner persisted in his motions notwithstanding the Court's admonitions of the rights that Petitioner was foregoing, the dangers and disadvantages of self-representation, and the fact that a further continuance would not be granted. *See id.* at 19-23. Petitioner confirmed that his waivers were completely voluntary and based

upon a full understanding of the effect of his actions. *See id.* This sworn testimony carries a strong presumption of verity in a subsequent post-conviction proceeding. *See Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977); *United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002). Nothing in the record supports Petitioner's assertion that his waivers were improperly induced, involuntary, or made without understanding of the consequences. *See Salazar v. United States,* No. 3:08-cv-1799-L, 2008 WL 4791461, at *3 (N.D. Tex. Oct. 31, 2008) (conclusory assertions in Section 2255 motion do not overcome presumption of verity attached to prior testimony that guilty plea was knowing and voluntary). Accordingly, this claim of ineffective assistance should be denied.

Petitioner also claims that Anton was ineffective for failing to alert him to the existence of a transcript of Detective Dan Lesher's grand jury testimony, which allegedly "worked to [his] actual substantial disadvantage, infecting the entire trial with errors." Dkt. No. 2 at 8. Petitioner claims that the existence of this testimony directly contradicted a main tenet of his trial defense – that his indictment was invalid because it was never presented before a grand jury. *See* Dkt. No. 3 at 3-4.

Notwithstanding Petitioner's repeated and unfounded claims about the invalidity of his indictment, he has not established that any failure by Anton was deficient or prejudicial. Initially, the record indicates that Anton turned over the entire discovery file to Petitioner at the July 2, 2010 pretrial hearing. *See United States v. Morris*, No. 3:09-cr-101-D, Dkt. No. 201 at 32-33. Petitioner admits as much. *See* Dkt. No. 8 at 2.

In any case, Petitioner has not established that the further disclosure of the transcript would have convinced him to plead guilty or would have in any way undermined the strength of the Government's case. Petitioner does not, for example, suggest that the contents of the grand jury transcript were exculpatory or could have served to impeach Lesher's testimony at trial. Given Petitioner's continued belief that the grand jury proceedings were invalid, *see* Dkt. No. 3 at 3, and in light of the overwhelming evidence of Petitioner's guilt – which included his oral and written confessions – there is no reasonable likelihood that counsel's turnover of the transcript would have had any effect upon Petitioner's decision to go to trial or his eventual conviction. Accordingly, this claim should be denied.

Alleged Ineffective Assistance of Counsel on Appeal

Petitioner contends that Anton was deficient on direct appeal because he failed to provide Petitioner a copy of appellant's brief, did not notify Petitioner of the United States Court of Appeals for the Fifth Circuit's decision, neglected to seek rehearing or *certiorari*, and did not challenge the Court's sentence. *See* Dkt. No. 2 at 9; Dkt. No. 3 at 5-9.

The Fifth Circuit has held that appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *See Hooks v. Roberts,* 480 F.2d 1196, 1197 (5th Cir. 1973). Petitioner has not established that his attorney's failure to provide him a copy of the appellate brief was in any way prejudicial. He has pointed to no viable claim that was not raised due to counsel's failure to provide such a copy.

As Respondent correctly notes, the entitlement to effective assistance of counsel ends when the appellate court enters its decision. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002). "[C]ounsel's refusal to file a petition for rehearing and/or for writ of certiorari does not raise a cognizable constitutional violation. Declining to file either of those pleadings did not deprive Movant of effective counsel in violation of his constitutional rights. The right to effective assistance of counsel for a criminal defendant extends only to a first appeal of right." *United States v. Jackson*, No. 3:04-cv-1981-P, 2005 WL 3445585, at *7 (N.D. Tex. Dec. 15, 2005) (citing cases). Therefore, collateral relief is not available for claims that counsel failed to notify Petitioner about the outcome of his appeal or file a further challenge to Petitioner's conviction or sentence.

Finally, Anton was not ineffective for failing to challenge the Court's application of the Sentencing Guidelines on direct appeal. As explained above, the Court properly applied the five-level enhancement under USSG § 2G2.2(b)(7)(D) and correctly calculated the applicable Guideline sentence. The Court's sentence was not based upon an "arbitrary standard," Dkt. No. 10 at 2, but rather was based upon a thorough application of the factors set forth in 18 U.S.C. § 3553(a). The Court upwardly departed to establish a reasonable sentence of imprisonment based upon those considerations. Any challenge to the Court's application of the Sentencing Guidelines would have been meritless. Accordingly, appellate counsel was not ineffective for failing to raise such a claim. *See United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a

legally meritless claim.").

<u>Evidentiary Hearing</u>

Although Petitioner did not file a motion seeking an evidentiary hearing in this proceeding, he states in his supplementary materials that he is entitled to such a hearing under *United States v. Reed*, 719 F.3d 369 (5th Cir. 2013). *See* Dkt. No. 10 at 2. In Section 2255 proceedings, a Petitioner is entitled to an evidentiary hearing if the Court is unable to rule on the motion based on the answer, transcripts, and records of prior proceedings, and materials submitted under Rule 7 of the Rules Governing Section 2255 Proceedings. *See* RULES GOVERNING SECTION 2255 CASES, RULE 8(a). "'A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *Reed,* 719 F.3d at 373 (quoting *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992)). Conclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing. *See id.*

Here, Petitioner has not established any basis for granting an evidentiary hearing. There are no unresolved issues of fact requiring such a hearing, and the motion, files, and records of the case conclusively establish that Petitioner is entitled to no relief. Accordingly, a hearing is not warranted.

## Recommendation

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE